IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA F., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-888-SMY |
| | ) |
| KILOLO KIJAKAZI, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
|       Defendant. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to 42 U.S.C. § 423, Plaintiff sought judicial review of the final agency decision denying her application for disability insurance benefits. On August 30, 2022, this Court reversed the agency's decision and remanded Plaintiff's application for rehearing and reconsideration of the evidence and entered judgment (Docs. 19 and 20). Defendant has moved for reconsideration (Doc. 21), which Plaintiff opposes (Doc. 22).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Relief sought under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,*

487 F.3d 506, 512 (7th Cir. 2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Here, Defendant reiterates arguments previously considered and rejected by this Court. Specifically, upon review of the record and consideration of the parties' respective arguments, the Court concluded that the ALJ did not properly address Dr. Tin's limitation of one to two-step tasks and noted the requirement that the ALJ "minimally articulate" reasons for accepting or rejecting entire lines of evidence. *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). The Court further found that the ALJ's failure to address this limitation prevented it from determining whether substantial evidence existed to support the finding that a significant number of jobs existed for the Plaintiff to perform. *Herron v. Shalala*, 19 F.3d 329, 334 (7th Cir. 1994). While Defendant disagrees with these conclusions, it fails to identify a manifest error of law or fact committed by the Court.

Accordingly, the Motion for Reconsideration (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 19, 2022**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**